FILED

98 JUN 16 AM 9:12

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUN 16 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

IN THE MATTER OF:
GARY CECIL BROWN

       Debtor.

GARY C. BROWN,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
       Appellant,　　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　 )　CIVIL ACTION NUMBER
　　　　　　　　　　　　　　　　)
A-1 AUTOMOTIVE CORPORATION,　　 )　　　95-C-2580-NE
　　　　　　　　　　　　　　　　)
       Appellee.　　　　　　 )

**MEMORANDUM OF OPINION**

     In this bankruptcy appeal, debtor-appellant Gary C. Brown contends that the Bankruptcy court erroneously granted summary judgment to appellee A-1 Automotive Corporation ("A-1") in Brown's adversary proceeding against A-1. Because the relevant facts are undisputed, and A-1 was clearly entitled to judgment on its *res judicata* defense as a matter of law, the decision of the Bankruptcy Court will be affirmed.

                                    I

     Brown is the owner-operator of Tri-County Auto Parts, Inc. ("Tri-County") in Arab, Alabama. A-1 provided various supplies and miscellaneous auto parts to Tri-County on open account, backed by an A-1 security interest in all of Tri-County's existing and

4

after-acquired equipment and inventory. The account was further secured by Brown's executed personal continuing guaranty.

Tri-County defaulted on its obligations to A-1. In September 1992, A-1 filed a lawsuit against Tri-County and Gary Brown in the Circuit Court of Marshall County, seeking $86,815.66 in damages and alleging an action on open account, an action for goods sold and delivered, an action on accounts stated, and an action on agreement. A-1 also sought to recover Tri-County's inventory.

Brown and Tri-County's response to the lawsuit was to file a reorganization petition under Chapter 11 of the Bankruptcy Code. Two months later, in November 1992, the petition was dismissed by the Bankruptcy Court for the debtors' failure to comply with the operating orders of the Trustee.

By the end of November 1992, A-1 had seized all of Tri-County's inventory pursuant to orders of the Circuit Court.

In May 1993, the Circuit Court granted A-1 a summary judgment against Brown and Tri-County in the amount of $66,619.00. The judgment "included the deficiency of $52,859.30, and reasonable attorney's fees and expenses of $13,750.00." Order Upon Motion for Summary Judgment by A-1 Automotive Corporation at 1, *A-1 Automotive Corp. v. Brown*, (Marshall County Cir. Ct. 1993)(No. CV-92-320). Neither Brown nor Tri-County opposed the motion for summary

judgment. In the same month as the summary judgment was granted, the Marshall County Circuit Clerk issued a Certificate of Judgment, which was duly recorded on June 10, 1993.

On August 23, 1993, Brown filed another reorganization petition in the Bankruptcy Court. A-1 thereupon filed its secured claim of $66,619.00 against the bankruptcy estate.

In February 1995, Brown initiated an adversary proceeding against A-1. In his complaint, Brown alleges, among other things:

> 7. Defendant A-1 has filed a secured claim (number 12) in this proceeding in the amount of $66,619.00. Plaintiff objects to this claim on the grounds that it is not owed and therefore seeks a determination as to the validity, and extent of any lien defendant may possess.
>
> 8. To the extent that A-1 Automobile has recovered inventory whose value exceeds the amount of the judgment, said property or its proceeds are the property of the Debtor which he can use in this proceeding.
>
> 9. In order to determine whether defendant has acquired property which exceeds the value of its claim, defendant must be made to provide an accounting of all proceeds generated through the subsequent disposition of this inventory.
>
> WHEREFORE PREMISES CONSIDERED, plaintiff respectfully requests that this Court grant the following relief:

3

    (1) That it exercise jurisdiction over this matter; (2) that it sustain the plaintiff's objection to the claim filed by defendant and find that defendant is not entitled to any sums due it; (3) that it require defendant to account for all proceeds generated through he disposition of the inventory in order to ascertain whether it recovered inventory of any amount which exceeds its claim; (4) this Court enter judgment against defendant for that sum which the Court finds exceeds its claim; and (5) that the Court award plaintiff such further and additional relief as this Court deems just and proper.

The word "preference" and the term "§ 547" are conspicuously absent from the adversary complaint.[1]

  A-1 subsequently moved in the Bankruptcy Court for summary judgment in the adversary proceeding, based on *res judicata* grounds. The Bankruptcy Court granted the motion. The Bankruptcy Court did not address the preference issue, apparently because it had not been raised by the pleadings.

II

  No extended legal analysis is required.

  The doctrine of *res judicata* is well-recognized in bankruptcy settings. *See, e.g., Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991). It precludes parties from relitigating issues

---

[1] In his Memorandum of Law in opposition to A-1's summary judgment motion in the Bankruptcy Court, Brown asserts that he filed the adversary proceeding, among other reasons, "to determine if the recording of the judgment constitutes an avoidable preference within § 547." As shown earlier, his complaint belies this contention. This issue has not been raised by the pleadings in the adversary proceeding.

which were or could have been raised in an earlier lawsuit between the parties.  *Res judicata* bars a subsequent action where (1) a prior judgment was rendered on the merits, (2) the parties to the prior action are identical to the parties in the subsequent action, (3) the prior action was decided by a court of competent jurisdiction, and (4) the same cause of action is involved in both actions. *See, e.g., Stevenson v. International Paper Co.*, 516 F.2d 103 (5th Cir. 1975).

A summary judgment is a judgment on the merits.  *See, e.g., Exhibitors Poster Exch., Inc. v. National Screen Serv. Corp.*, 421 F.2d 1313 (5th Cir. 1970), *cert denied*, 400 U.S. 991 (1971); *See also*, 1b Moore's Federal Practice, §.409[1-2] at p. 307.

"[A] prior state court judgment is normally conclusive as to the validity and amount of the creditor's claim against the [debtor] and . . .the [debtor] may [not] offer extrinsic evidence to collaterally attack the validity of the prior judgment itself." *In re Kapp*, 611 F.2d 703, 708 (8th Cir. 1979).

The facts of this case easily satisfy all of the *res judicata* components.  The Bankruptcy Court would have erred had it not granted summary judgment.

### III

Since Brown did not raise 11 U.S.C. § 547 issues in his pleadings in the adversary proceeding below, they will not be considered here. *See, e.g., Sharpley v. Davis*, 786 F.2d 1109 (11th Cir. 1986); *Gorin v. Osborne*, 756 F.2d 834 (11th Cir. 1985); *United States v. Thompson*, 710 F.2d 1500 (11th Cir. 1983).

By separate order, the decision of the Bankruptcy Court will be affirmed.

DONE this 15th day of June, 1998.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON